Alexander Sergeevich **RESHETNIKOV,**
Plaintiff,

v.

**REPUBLIC NATIONAL BANK OF
NEW YORK, Defendant.**

No. 01Civ.7909 (SHS)(MHD).

United States District Court,
S.D. New York.

Sept. 16, 2005.

Conrad D. Singer, Law Offices of Conrad
D. Singer, P.C., Great Neck, NY, for defendant.

### MEMORANDUM ORDER

STEIN, District Judge.

This action presents the unusual circumstance of a foreign *pro se* litigant who has diligently prosecuted a claim against the defendant bank over the past four years from his home in Russia through the pretrial stages, and who now must either present his case for trial or face dismissal of his complaint. In a Report and Recommendation dated July 7, 2005, Magistrate Judge Michael H. Dolinger recommended that the complaint be dismissed without prejudice pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute in light of plaintiff's consistent representation that he is, and will be, unable to travel to this jurisdiction to appear for trial. Plaintiff timely objected to the Report and Recommendation, imploring the Court to consider any alternative to a trial at which he appears that would permit resolution of his claim on its merits. Upon *de novo* review of Magistrate Judge Dolinger's Report and Recommendation dated July 7, 2005, and plaintiff's objections dated July 27, 2005, the Court adopts the Recommendation with one modification.

In response to plaintiff's request, the Court has considered possible alternatives to plaintiff appearing to present his case but finds that they are not adaptable here. While the U.S. Court of Appeals for the Second Circuit has approved of trials conducted largely on written submissions, it requires that cross examination of witnesses be conducted in open court. *Ball v. Interoceanica Corp.,* 71 F.3d 73, 77 (2d Cir.1995) (per curiam). Because plaintiff claims he is unable to appear at a trial due to the cost of traveling to New York and his inability to obtain the necessary travel documents, he necessarily then would be unable to cross examine any witnesses or be cross examined.

Thus, the Court deems dismissal without prejudice to be the most appropriate resolution at this time. However, dismissal without prejudice can be as harsh a remedy as dismissal with prejudice if it results in plaintiff's claim being extinguished due to the running of a limitations period. Moreover, as noted above, this is not a case where plaintiff has unduly delayed or disobeyed any order. Indeed, he has been most diligent and consistent in urging that the action be brought to trial, although the fact that he is located in Russia, is unable to travel to this district, is not fluent in English, and is *pro se* has hampered the orderly progress of the pretrial stages, ably and patiently presided over by Magistrate Judge Dolinger.

Accordingly, the action will be dismissed without prejudice and the Court tolls any

applicable statute of limitations. In light of plaintiff's oft-stated inability to come to the United States due to his lack of funds and his inability to obtain travel documents, it may be in plaintiff's interest to commence litigation in Russia if jurisdiction exists there over defendant, but that is for him to decide.

For the reasons stated above, IT IS HEREBY ORDERED that the Report and Recommendation dated July 7, 2005 is adopted, and this case is dismissed without prejudice and with a tolling of any applicable limitations period.